IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMY W. GRIDER,

        Plaintiff,

v.                                        Case No.: 3:06cv304/RV/EMT

ALLSTATE INSURANCE COMPANY,
a corporation,

        Defendant.
_____/

## ORDER

        Plaintiff is the holder of a National Flood Insurance Program Standard Flood Insurance Policy issued by Defendant, Allstate Insurance Company. This policy was in full force and effect at the time of Hurricane Ivan on or about September 15-16, 2004. Plaintiff has filed suit alleging that Defendant breached this insurance contract by failing or refusing to pay the full amount due under the policy. Defendant argues in response that Plaintiff failed to comply with a necessary condition precedent to receiving payment under the policy and/or to filing this suit; namely, that Plaintiff did not file a sworn Proof of Loss. Defendant has moved for summary judgment on this basis (doc. 13), and the motion is now pending. Plaintiff concedes that he did not satisfy the Proof of Loss requirement, but he argues that this requirement has been waived by the Federal Insurance Administrator.

        The argument that Plaintiff is advancing in this case has been rejected by at least four district courts that have directly and squarely considered the issue. See, e.g., Brown v. Paulison, *et al.*, No. 3:06-cv-00191 (N.D. Fla.) (Smoak, J.); Word v. Fidelity Nat'l Property & Cas. Ins. Co., No. 3:06-cv-00303 (N.D. Fla.) (Smoak, J.); Vanderveen v. Allstate Ins. Co., No. 3:05-cv-00469 (N.D. Fla.) (Stafford, J.); Shuford v. Fidelity Nat'l Property & Cas. Ins. Co., No. 1:05-cv-00583 (S.D. Ala.)

(Granade, J.). In fact, Brown and Word were both prosecuted and defended by the same attorneys as in the case *sub judice*, and the judge in those cases granted summary judgment motions that are virtually identical to the one now pending. Plaintiff agrees that all the aforementioned decisions arose in "similar cases," and he makes no attempt to distinguish them. Instead, he argues that those cases were wrongly decided. He also points out that the decisions are district court opinions (and not binding on this court), and that the issue has not yet been addressed by the Eleventh Circuit or any other appellate court.

The Shuford case, *supra*, is currently on appeal to the Eleventh Circuit and the briefing is scheduled to close shortly (on May 17, 2007). No oral argument has been scheduled or requested. It appears certain that resolution of that appeal will have dispositive effect here. In light of the foregoing, I am inclined to stay this case --- and suspend consideration of Defendant's motion for summary judgment --- until the appeal in Shuford is resolved, which would not appear to be far off. I am, however, willing to hear from counsel on this possible course of action.

The parties are hereby ORDERED to submit within ten (10) days of the date of this order a short memorandum setting forth their position on whether Defendant's motion for summary judgment (doc. 13) should be held in abeyance, and this case stayed, pending the appeal in Shuford.

DONE and ORDERED this 11th day of May, 2007.

/*Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

*Case No.: 3:06cv304/RV/EMT*